# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RINALDI, | : | |
|     Plaintiff | : | |
| | : | No. 1:17-cv-01089 |
| v. | : | |
| | : | (Judge Rambo) |
| JOHN DOE #1 et al., | : | |
|     Defendants | : | |

## MEMORANDUM

**I.  BACKGROUND**

On June 21, 2017, Plaintiff Michael Rinaldi ("Rinaldi"), a former federal inmate previously incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania ("USP-Canaan"), commenced this Bivens[1] action against two John Doe Bureau of Prison ("BOP") staff members and Defendant Juan Baltazar ("Baltazar").  (Doc. No. 1.)  Rinaldi alleges that he was improperly forced to provide a saliva sample while at USP-Canaan and that he was threatened with disciplinary sanctions should he fail to provide the same.  (Id.)

By Orders dated August 8, 2017 and September 28, 2017, the Court directed service of the complaint on Defendants.  (Doc. Nos. 7, 18.)  On October 6, 2017, Baltazar filed a motion to dismiss or, in the alternative, for summary judgment.  (Doc. No. 16.)  Baltazar subsequently filed a brief in support (Doc. No. 23), along

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

with a statement of facts (Doc. No. 24), on November 8, 2017.  Pursuant to M.D. Pa. Local Rule 7.6, Rinaldi had twenty-one (21) days from the service of the brief in support of the motion to dismiss or, in the alternative, for summary judgment, to file a brief in opposition.  On December 5, 2017, Baltazar filed a revised certificate regarding service, advising the Court that he has been unable to serve Rinaldi with his motion and supporting documents at the most current address provided by Rinaldi.  (Doc. No. 30.)

On March 29, 2018, this Court issued an Order, affording Rinaldi the opportunity to file an oppositional brief by April 12, 2018, and cautioned him that his failure to file a brief would result in the motion being deemed unopposed and granted without an analysis on the merits.  (Doc. No. 32.)  The Court further advised Rinaldi that he is responsible for notifying the Court of any change in address through the course of this litigation.  (Id.; Doc. Nos. 3, 7.)  He was further cautioned that his failure to do so would result in the dismissal of his action for failure to prosecute if the Court and/or parties are unable to serve pleadings, orders, or otherwise communicate with him.  (Id.)

To date, Rinaldi has failed to file an oppositional brief or update his address as directed.  For the reasons set forth below, the matter will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II. DISCUSSION

Under the Local Rules of this Court, Rinaldi should be deemed to concur in Defendant's motion since he has failed to timely oppose the motion, or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the Rules of this Court, warrants dismissal of the action, since Local Rule 7.6 imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. **Any party who fails to comply with this rule shall be deemed not to oppose such motion.** Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

Generally, a dispositive motion may not be granted merely because it is unopposed because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990) (the

disposition of an unopposed motion ordinarily requires a merits analysis). The Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed to both prosecute this action and to comply with the June 23, 2017, August 8, 2017, and March 29, 2018 Orders of this Court by failing to keep the Court apprised of his current address and failing to file an oppositional brief. When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

4

> entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

As to the first factor, it is Rinaldi's sole responsibility to comply with Court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, Civ. No. 09-224, 2011 U.S. Dist. LEXIS 137022, at *6 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Rinaldi was specifically warned that his failure to keep the Court apprised of his current address and failure to file an oppositional brief would result in the dismissal of this action. (Doc. Nos. 3, 7, 32.) To date, Rinaldi has complied with neither directive. This factor therefore weighs in favor of dismissal.

As to the second factor, the prejudice to the adversary, Rinaldi's failure to litigate this case or comply with Court orders now wholly frustrates and delays the resolution of this action. In such instances, the Defendants are plainly prejudiced by Rinaldi's continual inaction, and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal).

Examining the third factor, a history of dilatoriness, Rinaldi has not only failed to file an oppositional brief as directed, but he has also failed to inform the Court of his current address. As is clear from the procedural background of this case, Rinaldi has not communicated with the Court since the filing of a notice of change of address (Doc. No. 25), on November 9, 2017. A pro se plaintiff has the affirmative obligation to keep the Court informed of his address. See (Doc. Nos. 3 at 4, 7 at 3.) Rinaldi's failure to provide the Court with an updated address as required by the Court's June 13, 2017, August 8, 2017, and March 29, 2018 Orders, coupled with his failure to file an oppositional brief in accordance with this Court's March 29, 2018 Order, even after the Orders cautioned Rinaldi that his case would be dismissed should he not comply, indicates an intent not to continue with this litigation. See Pozoic v. Cumberland Cty. Prison, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna Cty. Prison, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). Accordingly, this factor also weighs in favor of dismissal.

The Court finds that the fourth factor, whether Rinaldi's conduct was willful or in bad faith, also weighs in favor of dismissal. Rinaldi's failure to abide by the Court's Orders "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, Civ. No. 10-1657, 2010 U.S. Dist. LEXIS 128400, at *5-6 (M.D. Pa. Dec. 6, 2010).

An examination of the fifth factor, effectiveness of sanctions other than dismissal, reveals that no other sanction is a "viable alternative since this action cannot proceed without the submission of" Rinaldi's oppositional brief. Pozoic, 2012 WL 114127, at *4 (citing Purveegiin v. Gonzalez, Civ. No. 07-1020, 2009 U.S. Dist. LEXIS 34550, at *4 (M.D. Pa. Apr. 23, 2009))  Additionally, confronted by a pro se litigant who will not comply with the rules or court orders, the Court finds that lesser sanctions may not be an effective alternative.  See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).

With regard to the sixth factor, the meritoriousness of the claim, the Court finds that consideration of this factor could not save Rinaldi's claims, since he is now wholly non-compliant with his obligations as a litigant, i.e., he has failed to file an oppositional brief after being directed, and he has now disregarded this Court's three Orders cautioning him of his obligation to keep the Court apprised of his current address and the consequences of his failure to do so.  (Doc. Nos. 3, 7, and 32.)  Furthermore, it is well-settled that "' 'no single Poulis factor is dispositive,' . . . [and it is] clear that 'not all of the Poulis facros need be satisfied in order to dismiss a complaint.'"  Briscoe, 538 F.3d at 263.

Upon balancing the Poulis factors, it is clear that the majority of the six factors weigh heavily in favor of Defendants and dismissal of the action for failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for Rinaldi's failure to prosecute. An appropriate Order follows.

 s/Sylvia H. Rambo  
 SYLVIA H. RAMBO  
 United States District Judge